This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **No. 34,069**

**ANGEL PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1} Defendant Angel Padilla filed a docketing statement, appealing from the district court's affirmance of the metropolitan court conviction for driving while under the influence of intoxicating liquor (DWI) (impaired to the slightest degree), first offense. In this Court's notice of proposed disposition, we proposed to adopt the memorandum opinion of the district court and affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In her docketing statement, Defendant argued that there was insufficient evidence to support her conviction because the breath card was not admitted into evidence, the officer withheld exculpatory material from his police report, and there were rational explanations for her performance on the field sobriety tests. [DS 1, 12] Because Defendant raised the same arguments before the district court [DS 66], and the district court issued a well-reasoned opinion affirming her DWI conviction [DS 85], we proposed to adopt the district court's memorandum opinion and affirm. [CN 2]

{3} In her memorandum in opposition, Defendant asserts that this Court's "reliance on the district court's understanding of the facts is misplaced" because there was testimony that Defendant did not intend to drive and the trial court had "concerns that it could not get a straight answer regarding the stop." [MIO 10] According to

2

Defendant, "[t]here is reasonable doubt that [Defendant] was the original driver and that she only entered her car because of Sergeant Armijo's command that she re-enter it." [MIO 10] We are not persuaded.

{5} Based on Defendant's own recitation of the facts, there was evidence presented that "she had been driving for a short while" and "she got behind the wheel of the car[.]" [MIO 8; DS 12; RP 74; *see also* MIO 9 (stating that the trial court "had no doubt that she was behind the wheel"); DS 12 (same); RP 74 (same)] Moreover, as an appellate court, we will not reweigh the evidence on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 (stating that an appellate court "may neither reweigh the evidence nor substitute its judgment for that of the [fact finder]").

{6} Accordingly, for the reasons set forth in our calendar notice and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's DWI conviction.

{7} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

3

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**M. MONICA ZAMORA, Judge**